```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x

BARRY FEERST et al,

                Appellant,                  MEMORANDUM & ORDER
                                               21-CV-2551(EK)
        -against-

CNG FOODS LLC,

                Appellee.

-----------------------------------x
```

ERIC KOMITEE, United States District Judge:

        This matter is before the Court on appeal from a bankruptcy judge's decision granting sanctions against the Appellant, attorney Barry Feerst.  Appellant filed a notice of appeal of that decision on May 7, 2021.  ECF No. 1.  Pursuant to Rule 8018 of the Federal Rules of Bankruptcy Procedure, "[t]he appellant must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically."  Fed. R. Bankr. P. 8018(a)(1).  Appellant missed that deadline and still had not filed a brief months later when, on August 20, the Court ordered Appellant to show cause why the appeal should not be dismissed for failure to file his brief on time.

        The Court set August 27 as the deadline for the show-cause submission.  That deadline, too, came and went without a filing or a request for extension.  Four days later, on August

31, Appellant's counsel filed a letter requesting thirty additional days to perfect the appeal.  Resp. to Order to Show Cause ("Resp."), ECF No. 3.  The letter stated that "[o]ur associate had to take permanent leave due to health issues and our paralegal had to take a leave of absence to care for his father who is bedridden due to surgery requiring amputation.  Moreover, my colleague has had to move from his office and his residence only this week."  *Id.*  Appellee opposed the request for an extension of time, noting that it "heard the same excuses from [Appellant's counsel] in another related matter several months ago."  Letter Opposing Extension Req., ECF No. 4.

For the reasons set forth below, I dismiss the appeal for failure to file a brief in the time set out by the bankruptcy rules.

**I. Discussion**

Bankruptcy Rule 8018 provides that "[i]f an appellant fails to file a brief on time . . . the district court . . ., after notice, may dismiss the appeal on its own motion."  Fed. R. Bankr. P. 8018(a)(4).  Rule 9006(b)(1) permits an extension of time, even after the expiration of the specified period, where "the failure to act was the result of excusable neglect."  Fed. R. Bankr. P. 9006(b)(1).  Excusable neglect means "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control."  *Pioneer*

2

*Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993). In determining whether neglect is excusable, a court should take account of "all relevant circumstances surrounding the party's omission," including:

> [1] the danger of prejudice to the debtor, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

*Id.* at 395. The Second Circuit gives the most weight to the third factor. *In re Enron Corp.*, 419 F.3d 115, 122 (2d Cir. 2005); *see also In re Quebecor World (USA), Inc.*, No. 15-CV-2112, 2015 WL 4877422, at *1 (S.D.N.Y. Aug. 14, 2015) ("[T]he *Pioneer* factors are not given equal weight. . . . [T]he Second Circuit focuses on the third of the four factors.").[1] The Court of Appeals has "taken a hard line in applying the *Pioneer* test," *Enron*, 419 F.3d at 122, indicating that the "failure to follow the clear dictates of a court rule will generally not constitute . . . excusable neglect." *In re Lynch*, 430 F.3d 600, 604 (2d Cir. 2005).

Taken together, the first, second, and fourth *Pioneer* factors weigh modestly against the Appellant. *See e.g.*, *Quebecor World*, 2015 WL 4877422, at *2. The first factor weighs in favor of dismissal: for a debtor in bankruptcy and its

---

[1] When quoting judicial decisions, this order omits all alterations, citations, footnotes, and internal quotation marks, unless otherwise noted.

creditors, time is money; and every missed deadline and request for extension potentially delays the payment of money pursuant to the sanctions order. The second factor, too, weighs in favor of dismissal, albeit more marginally: "[T]he length of the delay – at this point, several months – is not extreme but is also not insignificant in the context of Rule 8018, which sets a thirty-day time limit for filing an appellate brief." *See id.*; *see also Seinfeld v. WorldCom, Inc.*, No. 06-CV-13274, 2007 WL 987867, at *3 (S.D.N.Y. Apr. 4, 2007), *aff'd in In re WorldCom, Inc.*, 283 F. App'x 876 (2d Cir. 2008). The fourth factor, on the other hand, weighs against dismissal because the record does not definitively establish that Appellant acted in bad faith. *See Quebecor World*, 2015 WL 4877422, at *2.

Against this backdrop, the third factor is dispositive. The Court "must take a close look at the third factor, and examine both whether the applicable rule setting the time limit was clear and the reason that [Appellant] did not file its appellate brief on time." *Id.* "Where the rule is entirely clear, . . . a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." *Enron*, 419 F.3d at 123.

Applying this standard, I find that the neglect here is not excusable. First, Rule 8018's thirty-day clock is clear and unambiguous. Fed. R. Bankr. P. 8018(a)(1); *see also*

4

*Quebecor World*, 2015 WL 4877422, at *2. Second, Appellant's proffered reasons for not filing his brief are insufficient. Feerst first requested more time more than ten weeks after filing his notice to appeal, after multiple deadlines had passed. Resp. at 1. In his belated request, Appellant's counsel cited several difficulties to explain why he was unable to complete the appeal, including an associate taking permanent leave and a paralegal taking a leave of absence to care for his father. *Id.* Appellant's counsel failed to specify when these difficulties occurred, however. Specifically, the letter did not indicate when the associate had to take permanent leave, or how long the paralegal was out caring for his father.

More importantly, while the request invoked issues affecting the associate and paralegal, it provided no information showing that the attorney of record has encountered any impediment rendering him unable to complete the appeal within the period prescribed (or, at a minimum, to file a timely request for an extension, which could have been accomplished in a one-page letter). For these reasons, the neglect was not "excusable" under Second Circuit precedent.

## II. Conclusion

For the foregoing reasons, Appellant's appeal is dismissed. The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

                                            /s/ Erik Komitee
                                          ERIC KOMITEE
                                          United States District Judge

Dated:     November 30, 2021
            Brooklyn, New York